IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DELBERT EDWIN DILLON**                                            **PLAINTIFF**

VS.                              4:11CV00894 JMM

**UNIVERSITY OF ARKANSAS AT LITTLE ROCK**
**and ANN SCHLUMBERGER, CHAIRMAN OF UALR**
**NURSING PROGRAM and INDIVIDUALLY**                         **DEFENDANTS**

## ORDER

Pending is Defendants' motion to dismiss. (Docket # 2).  Plaintiff has filed a response and Defendants have filed a reply.    The Court has reviewed the pleadings and finds that Defendants' motion should be GRANTED.

Plaintiff, Delbert Edwin Dillon filed suit against the University of Arkansas at Little Rock ("UALR") and Ann Schlumberger, Chairman of the University's nursing program under 42 U.S.C. § 1983 and the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232(g)("FERPA").  Plaintiff alleges that while he was enrolled as a student in the Department of Nursing at UALR, he made a written request to review test documents and other documents that entered into his final grade for the course 2510 Obstetric Nursing.  Plaintiff claims that nursing department officials prevented him from reviewing his educational records in violation of FERPA.  Plaintiff claims that the Defendants failed to implement a policy and procedure for granting a student access to his educational records in violation of FERPA; and in fact had an unwritten policy of denying nursing students the right to inspect their educational records. Plaintiff claims that Defendant Schlumberger has an unwritten policy to prevent the correction of grading mistakes; failed to implement a policy to allow a student an appropriate mechanism to

challenge the content of a student's educational records; and implemented a policy of denying all students enrolled in the nursing program the right to inspect the student's educational records. Plaintiff also complains that "on more than one occasion clinical instructors informed [him] that he would not become a nurse due to his sex and 'demeanor' towards younger nurses. These instructors actively engaged in conduct to bring about his dismissal from the program and used the policy to that effect." Defendants move to dismiss Plaintiff's complaint because no private right of action exists under FERPA and Plaintiff failed to state a claim for equal protection violations.

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). At this stage of the litigation, the Court must accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (2007). The plaintiff need not provide specific facts in support of their allegations, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n. 3.

Applying this standard, the Court finds that Plaintiff's claims pursuant to the Family Educational Rights and Privacy Act must be dismissed. No private right of action exists under FERPA and violations of FERPA are not actionable under 42 U.S.C. § 1983. *Gonzaga University v. Doe*, 536 U.S. 273 (2002). As to Plaintiff's equal protection claims, the Court finds that Plaintiff has failed to state sufficient factual information to provide the grounds to an equal

protection claim.  The majority of Plaintiff's complaint identifies policies and conduct relating to access to educational records which Plaintiff describes as applying equally to all nursing students, regardless of sex.  Plaintiff's complaint contains only one allegation that he was treated differently based upon his sex.  He alleges that certain unnamed instructors informed him that he would not become a nurse due to his sex and demeanor and that they actively engaged in conduct to bring about his dismissal from the program and used the policy to that effect. Plaintiff does not identify the alleged conduct of the instructors, whether this conduct was applied only to male students, the identity of the instructors, the policy to which he refers, or how this alleged conduct resulted in his dismissal from the program but did not result in the dismissal of female students. The Court finds that Plaintiff has failed to provide factual allegations sufficient to show more than just a speculative right to relief.

Accordingly, Defendants' motion to dismiss is GRANTED.  Plaintiff's complaint is hereby dismissed with prejudice.

IT IS SO ORDERED this 27th  day of June, 2012.

_____
James M. Moody
United States District Judge